# EXHIBIT 1

***Declaration of Sridhar Jawaharlal in Support of International Game Technology and Brightstar Global Solutions Corporation's Motion to Dismiss***

# EXHIBIT 1

***Declaration of Sridhar Jawaharlal in Support of International Game Technology and Brightstar Global Solutions Corporation's Motion to Dismiss***

Nicholas J. Santoro
Nevada Bar No. 532
Oliver J. Pancheri
Nevada Bar No. 7476
SPENCER FANE LLP
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Telephone.: (702) 408-3400
nsantoro@spencerfane.com
opancheri@spencerfane.com

Cari K. Dawson (*pro hac vice* pending)
David B. Carpenter (*pro hac vice* pending)
ALSTON & BIRD LLP
1201 West Peachtree St.
One Atlantic Center
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile:404-881-7777
cari.dawson@alston.com
david.carpenter@alston.com

*Attorneys for IGT*

Bradley Austin
Nevada Bar No. 13064
SNELL & WILMER
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: 702.784.5247
baustin@swlaw.com

Jim Ducayet (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036
jducayet@sidley.com

Colleen T. Brown (*pro hac vice*)
Joshua J. Fougere (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202.736.8000
Facsimile: 202.736.8711

ctbrown@sidley.com
jfougere@sidley.com

*Attorneys for Brightstar Global Solutions Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDSAY LOESCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY, a Nevada Corporation, and BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION, a Delaware corporation | Case No. 2:25-cv-01917-GMN-NJK<br><br>Consolidated with:<br>Case No. 2:25-cv-01918<br>Case No. 2:25-cv-01956<br>Case No. 2:25-cv-10954<br>Case No. 2:25-cv-02048<br><br>**DECLARATION OF SRIDHAR JAWAHARLAL IN SUPPORT OF INTERNATIONAL GAME TECHNOLOGY AND BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION'S MOTION TO DISMISS**<br><br>**District of Nevada** |

Pursuant to 28 U.S.C. § 1746, I, Sridhar Jawaharlal, declare as follows:

1. I make this declaration based upon my own personal knowledge and a review of records made in the ordinary course of business by Brightstar Global Solutions Corporation. If called upon, I could and would testify to the matters discussed in this declaration.

2. From October 2024 until July 2025, I was the Chief Information Officer of International Game Technology PLC (the "Company"), which renamed itself Brightstar Lottery PLC following the sale of the Company's Gaming and Digital business in July 2025, which now operates as IGT. Since July 2025, I have worked as the Global Chief Information Officer for Brightstar Lottery PLC, which is the parent company of Brightstar Global Solutions Corporation ("Brightstar"). I have spent a combined 15 years in technology-related senior leadership roles, and over 25 years in

technology-related positions, at Brightstar or its predecessor companies. I am based in Ashburn, Virginia.

3. As CIO, my responsibilities included, but were not limited to, setting and executing the Company's technology strategy related to the management of technology systems and information security risk management, including incident response.

4. At the time of the incident, the Company was ISO 27001 certified. ISO 27001 certification is a leading, internationally recognized standard for information security management systems. The Company's ISO certification was publicly disclosed in its Form 20-F Report filed with the U.S. Securities and Exchange Commission. Brightstar maintains ISO 27001 certification to this day.

5. To achieve its ISO certification, the Company had in place a comprehensive cybersecurity program with policies, procedures, employee training, and controls related to intrusion detection. These measures included, for example, endpoint detection and response systems, data loss prevention software, firewalls, multi-factor authentication, privilege management, user and entity behavior analysis tools, vulnerability scanners and 24x7 security operation center monitoring and responding to any indicators of attack and compromise.

6. On November 17, 2024, the Company became aware that an unauthorized third party gained access to certain of its systems and began an investigation (the "Incident").

7. The Company publicly disclosed the Incident within days, including through a Form 6-K filing with the SEC on November 19, 2024.

8. Upon discovering the Incident, the cybersecurity incident response plan was activated in order to assess, contain and remediate the unauthorized activity. Such steps included: (i) proactively taking certain systems offline to help protect them; (ii) disabling any accounts found to be compromised; (iii) re-setting credentials; and (iv) blocking (or otherwise adding to cyber defensive tooling) suspicious IP addresses and other indicators of attack and compromise. The Company also reported the Incident to federal law enforcement.

9. Since that time, information systems have continued to be monitored with a variety of

tools. These tools have not detected any further activity by the unauthorized third party since November 19, 2024.

10. The Company also took steps to resecure the affected data and monitor the dark web to ensure there has been no posting or dissemination of data. To the best of my knowledge, none of the impacted information has been published or offered for sale on the dark web to date.

11. To the best of my knowledge, the data impacted in the Incident is distinct and unrelated to any subsequent claims from other threat actors.

12. Following the Incident, the Company undertook an extensive data mining process to identify relevant personal information in accordance with applicable laws. This was a time-intensive process due to the complexity and nature of the impacted data.

13. After completion of this process, Brightstar and IGT began to provide additional notice to affected individuals as required by applicable law and included, out of an abundance of caution, complimentary identity monitoring services through Kroll for 24 months, including credit monitoring, fraud consultation, and identity theft restoration services.

14. Relevant personal information affected by the Incident may have included, in part or whole, name, contact information, date of birth, government identification documents or government identification number such as driver's license number, Social Security number or other tax identifier, financial account information, health data, and other information individuals may have provided to the Company or that the Company collected in connection with the individuals' relationship with the Company or a lottery or gaming venue supported by the Company (collectively, "Relevant Data"). Relevant Data varied by individual.

15. Neither Loescher's Regent payment card number and credentials, nor her Gmail account credentials, were affected in this Incident.

16. Morris' credit card number and credentials were not affected in this Incident.

17. Neither Schoenbrun's eBay account credentials nor his Chase bank account number and credentials were affected in this Incident.

18. Ziman's checking account number and credentials were not affected in this Incident.

19. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of February, 2026 at Ashburn, Virginia.

Date: February 17, 2026

Sridhar Jawaharlal

**Sridhar Jawaharlal**