# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDSAY LOESCHER, BENJAMIN MORRIS, MITCHELL SCHOENBRUN, and CAROL ZIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY and BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION,<br><br>Defendants. | Case No. 2:25-cv-01917-GMN-NJK |

**SETTLEMENT AGREEMENT**

This Settlement Agreement[1] is entered into between Plaintiffs, individually, and on behalf of the Settlement Class and Defendants as of the date last executed. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I. Procedural History

1. Defendant Brightstar Global Solutions Corporation implements, delivers, and operates lottery technology, gaming equipment and integrated retail and digital lottery solutions throughout the world.

2. Defendant IGT[2] provides gaming, digital, and financial technology solutions.

3. In the ordinary course of operating its business, Defendants receive and maintain Private Information pertaining to lottery and gaming players, employees and others that do business with Defendants.

4. On or around November 17, 2024, Defendants discovered that an unauthorized

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

[2] The appropriate name of this Defendant in this matter is IGT, which is the U.S. operating entity of the currently named Defendant International Game Technology.

third party gained access to certain of their internal corporate systems during the Data Incident. In response, Defendants launched an investigation to confirm the nature and scope of the activity. The investigation determined that an unauthorized third party accessed certain files that potentially impacted the Private Information of approximately 58,188 to approximately 81,688 individuals.

5. Beginning October 3, 2025, Defendants began sending written notice of the Data Incident to potentially impacted individuals.

6. On October 7, 2025, Plaintiff Anthony Martinelli filed a putative class action complaint against Defendants in the U.S. District Court for the District of Nevada, alleging negligence, negligence *per se*, breach of implied contract, and unjust enrichment, and seeking to represent all individuals potentially impacted and harmed as a result of the Data Incident. *See Martinelli v. International Game Technology, et al.*, No. 2:25-cv-01917, ECF No. 1.

7. On November 12, 2025, Plaintiffs moved to consolidate the *Martinelli* action with four other actions arising out of the Data Incident that were filed subsequent to the *Martinelli* action in the U.S. District Court for the District of Nevada, and appoint Grayson Wells of Stranch, Jennings & Garvey, PLLC, Casondra Turner of Milberg, PLLC, and Courtney Maccarone of Kopelowitz Ostrow P.A. as Interim Class Counsel. ECF No. 19. On December 4, 2025, the court entered an order granting the motion. ECF No. 30.

8. On January 2, 2026, Plaintiffs filed a Consolidated Class Action Complaint, alleging negligence and negligence *per se*, breach of implied contract, unjust enrichment, intrusion upon seclusion and public disclosure, violation of the Nevada Consumer Fraud Act, violation of the California Consumer Privacy Act, and violation of the California Unfair Competition Law. ECF No. 32.

9. On February 17, 2026, Defendants filed a motion to dismiss. ECF No. 39.

10. On April 2, 2026, Plaintiffs filed a response in opposition to the motion to dismiss. ECF No. 44.

11. On May 4, 2026, Defendants filed a reply in support of their motion to dismiss.

ECF No. 47.

12. The Parties began discussing early settlement of the Action, and scheduled a mediation for September 3, 2026 with experienced data breach class action mediator, Robert A. Meyer, Esq. of JAMS. Plaintiffs consulted with liability and damage experts and Defendants provided Plaintiffs with informal discovery including information related to, among other things, the nature and cause of the Data Incident, the number and geographic location of individuals potentially impacted by the Data Incident, and the specific type of information potentially accessed.

13. Following a full day arms-length mediation on September 3, 2026, the Parties reached an agreement to resolve all claims on a class wide basis.

14. The Parties now agree to settle the Action entirely, without any admission by Defendants of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendants have entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint and the Data Incident as it relates to them. Defendants do not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint, and expressly disclaim and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Defendants have agreed to settlement class action treatment of the claims alleged in this Action pursuant to Fed. R. Civ. P. 23(e) solely for the purpose of compromising and settling the claims on a class-wide basis as set forth herein. Plaintiffs enter into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendants, and all Settlement

Class Members.

**WHEREAS,** the Parties agree that the consideration provided to the Settlement Classes and the other terms of the Settlement Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator;

**WHEREAS,** the Settlement Class Representatives and Settlement Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Settlement Class Representatives asserted against Defendants, including the claims on behalf of the Settlement Classes, and that it promotes the best interests of the Settlement Classes;

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, the Action shall be settled, and the Released Claims shall be finally and fully settled as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth in this Settlement Agreement.

## II. Definitions

15. "**Action**" means the above-captioned consolidated action, *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK.

16. "**Agreement**" or "**Settlement**" or "**Settlement Agreement**" means this settlement agreement between Plaintiffs and Defendants.

17. "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking attorneys' fees, reimbursement for costs, and Service Awards.

18. "**CAFA Notice**" means the Class Action Fairness Act Notice that the Settlement Administrator shall serve upon the appropriate state and federal officials providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

19. "**California Statutory Payment"** means an additional cash payment in recognition of California's Consumer Privacy Act and the protections it affords California residents.

20. **"California Subclass"** means all Settlement Class Members who legally resided in California at the time of the Data Incident.

21. "**Cash Payment**" means Cash Payment A – Documented Losses, Cash Payment B – Pro Rata Cash, and/or California Statutory Payment.

22. "**Cash Payment A – Documented Losses**" means cash compensation that Settlement Class Members with documented losses may elect under the Settlement.

23. "**Cash Payment B – Pro Rata Cash**" means the estimated *pro rata* cash compensation that Settlement Class Members may elect under the Settlement in addition to, and not in lieu of, Cash Payment A – Documented Losses.

24. "**Claim Form"** means the proof of claim, substantially in the form attached hereto as ***Exhibit 5***, which may be modified as necessary, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

25. "**Claim Form Deadline"** shall be 90 days after the date that the Settlement Administrator commences the Notice Program as set forth herein. The Claim Form Deadline is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for Settlement Class Member Benefits.

26. "**Claimant**" means a Settlement Class Member who timely submits a Claim Form.

27. "**Claim Process**" means the process by which Claimants submit claims to the Settlement Administrator and the Settlement Administrator reviews the claims to determine the validity of all claims.

28. "**Class Counsel**" means Grayson Wells of Stranch, Jennings & Garvey, PLLC, Courtney Maccarone of Kopelowitz Ostrow P.A., and Casondra Turner of Milberg, PLLC.

29. "**Class List**" means the class list provided by Defendants to the Settlement

Administrator. The Class List is a list of the known Settlement Class Members and their contact information maintained by Defendants.

30. "**Class Representatives**" means those Plaintiffs the Court approves to serve as representatives of the Settlement Class.

31. "**Complaint**" means the Consolidated Class Action Complaint in the Action filed on January 2, 2026.

32. "**Court**" means the United States District Court, District of Nevada, and the Judge(s) assigned to the Action.

33. "**Credit Monitoring**" means the three years of one bureau credit monitoring that Settlement Class Members may elect under the Settlement.

34. "**Data Incident**" means the unauthorized access to Defendants' computer network that Defendants discovered on or around November 17, 2024, resulting in the potential exposure of the Settlement Class's Private Information, as publicly announced by the Defendants in or around October 2025.

35. "**Defendants**" means IGT and Brightstar Global Solutions Corporation, the Defendants in this Action.

36. "**Defendants' Counsel**" means Alston & Bird LLP for IGT and Sidley Austin LLP for Brightstar Global Solutions Corporation.

37. "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal(s).

38. "**Email Notice**" means the email notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1,*** that the Settlement Administrator shall disseminate to Settlement Class Members by email.

39. “**Escrow Account**” means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

40. “**Final Approval**” means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order.

41. “**Final Approval Hearing**” means the hearing held before the Court during which the Court will consider granting the Motion for Final Approval of the Settlement and the Application for Attorneys’ Fees, Costs, and Service Awards. The hearing will be held at the United States District Court for the District of Nevada and instructions for attendance may be posted on the Settlement Website.

42. “**Final Approval Order**” means the final order, substantially in the form attached hereto as ***Exhibit*** *7*, granting Final Approval of the Settlement.

43. “**Long Form Notice**” means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 4***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail upon request to the Settlement Administrator.

44. “**Motion for Final Approval**” means the unopposed motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

45. “**Motion for Preliminary Approval**” means the unopposed motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

46. “**Net Settlement Fund**” means the amount of funds remaining in the Settlement Fund following payment of Settlement Administration Costs, and any Service Awards and attorneys’ fees and costs.

47. “**Notice**” means the Email Notice, Postcard Notice, Publication Notice, and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

48. “**Notice Commencement Deadline**” means 30 days after the Court’s entry of the Preliminary Approval Order and the last day by which Notice must be issued to the Settlement Class Members.

49. "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class consisting of the Email Notice, Postcard Notice and Long Form Notice, along with the Settlement Website and Settlement toll-free telephone line.

50. "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

51. "**Objection Deadline**" means 30 days before the initial scheduled Final Approval Hearing and is the last date by which Settlement Class Members may object to the Settlement.

52. "**Opt-Out Deadline**" means 30 days before the initial scheduled Final Approval Hearing and is the last date by which Settlement Class Members may opt-out of the Settlement.

53. "**Plaintiffs**" means Lindsay Loescher, Benjamin Morris, Mitchell Schoenbrun, and Carol Ziman, the plaintiffs in the Action.

54. "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

55. "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 6***.

56. "**Private Information**" means personal information that was available through Defendants' impacted systems and which may have included, in part or whole, class members' names, contact information, dates of birth, government identification documents or government identification numbers such as driver's license numbers, Social Security numbers or other tax identifiers, financial account information, health data, and other information class members may have provided to Defendants or that Defendants' collected in connection with class member's relationship with the Defendants or a lottery or gaming venue supported by Defendants.

57. "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2,*** that the Settlement Administrator may disseminate to Settlement Class Members by U.S. mail.

58. "**Publication Notice**" means the additional form of Notice, substantially in the form attached hereto as ***Exhibit 3***, that the Settlement Administrator may use to notify Settlement

Class Members.

59. "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

60. "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, now existing or hereinafter arising, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory, common law, or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, activities, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to or stemming from the Data Incident.

61. "**Released Parties**" means Defendants, including all of their past, present, and future parents, subsidiaries, divisions, banners, and affiliates, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers. For the avoidance of doubt, the definition of "Released Parties" includes IGT.

62. "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

63. "**Service Awards**" means the payments the Court may award the Class Representatives for serving on behalf of the Settlement Class, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members.

64. "**Settlement Administrator**" means Epiq Class Action & Claims Solutions, Inc. ("Epiq"), which is the third-party notice and claims administrator jointly selected by the parties.

65. "**Settlement Administration Costs**" means all reasonable costs, expenses, and fees incurred by the Settlement Administrator regarding Notice and Settlement administration.

66. "**Settlement Class**" means all United States residents whose Private Information was determined to be impacted in the Data Incident. Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendants, or their respective subsidiaries and affiliated companies; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) all Settlement Class Members who timely opt-out of the Settlement Class.

67. "**Settlement Class Member**" means any member of the Settlement Class.

68. "**Settlement Class Member Benefit**" means the Cash Payment(s) and/or Credit Monitoring benefits described herein.

69. "**Settlement Fund**" means the non-reversionary all cash $1,700,000.00 fund that Defendants are obligated to fund or cause to be funded pursuant to Section III herein, this being the full and complete limit and extent of Defendants' obligations with respect to the Settlement.

70. "**Settlement Website**" means the website the Settlement Administrator will establish as a means for Settlement Class Members to submit Claim Forms and obtain Notice and information about the Settlement, including hyperlinked access to this Agreement, Motion for Preliminary Approval, Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

71. "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form,

by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) includes an attestation that the Settlement Class Member is a United States resident and, if the Settlement Class Member claims membership in the California Subclass, that the Settlement Class Member legally resided in California at the time of the Data Incident; (e) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Pacific Time on the Claim Form Deadline; and (f) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III. Settlement Fund

72. Within 30 days of Preliminary Approval, and upon the receipt of sufficient payment information from the Settlement Administrator including wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, Defendants shall fund or cause to be funded $1,700,000.00 into the Settlement Fund. Following Defendants' payment of the Settlement Fund monies described in this paragraph, Defendants shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, excise, and any other taxes or tax-related expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund. In the event there is no Final Approval or the Effective Date does not occur, following the payment of any outstanding Settlement Administration Costs, all funds remaining in the Settlement Fund shall be returned to Defendants.

73. The Settlement Fund shall be used to pay: (1) all Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims; (2) all Settlement

Administration Costs; and (3) any attorneys' fees, costs, and Service Awards approved by the Court.

74. The Settlement Fund shall be deposited in an Escrow Account to be administered by the Settlement Administrator pursuant to the terms of this Settlement Agreement.

75. The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. The Settlement Fund shall earn a reasonable rate of interest, and all interest earned on the Settlement funds shall be for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendants, Defendants' Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV. Certification of the Settlement Class

76. In the Motion for Preliminary Approval and Motion for Final Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes only. Defendants agree solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V. Settlement Class Member Benefits

77. Only Settlement Class Members who submit a Valid Claim are eligible for Settlement Class Member Benefits. Settlement Class Members may elect to submit a claim to receive Cash Payment A – Documented Losses, Cash Payment B – Pro Rata Cash, and Credit Monitoring. In addition, members of the California Subclass may submit a claim to receive the California Statutory Payment. All claims for Cash Payment A – Documented Losses require submission of the full Claim Form. Class Members electing to seek only Cash Payment B – Pro Rata Cash, the California Statutory Payment (if applicable), and/or Credit Monitoring may do so by submitting only the tear-off portion of the Postcard Notice. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims without receiving a Settlement Class Member Benefit. The Settlement Administrator must distribute the funds in the Net Settlement Fund, after payment of Settlement Administration Costs and any Attorneys' Fees, Costs, and Service Awards as approved by the Court, in the following order, subject to *pro rata* adjustments for the limits of the Net Settlement Fund: Credit Monitoring, Cash Payment A – Documented Losses, California Statutory Payment, and then Cash Payment B – Pro Rata Cash.

(a) **Cash Payment A – Documented Losses**

Settlement Class Members may submit a claim for a Cash Payment A – Documented Losses, in an amount up to $5,000.00 per Settlement Class Member, under this section upon presentment of reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident, subject to review by the Settlement Administrator for completeness, plausibility, and traceability to the Data Incident. The loss must have occurred between September 4, 2024 and the Claim Form Deadline. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A – Documented Losses on the Claim Form attesting under penalty of perjury to incurring documented losses resulting from fraud and/or identity theft. These losses may include, without limitation (i) documented out-of-pocket expenses such as: (a) professional fees, such as attorney fees, account fees, and fees for credit

repair services; (b) bank fees, (c) long-distance phone charges, (d) cell phone charges (only if charged by the minute), (e) data charges (only if charged based on the amount of data used), (f) postage, (g) gasoline for local travel; and (ii) documented fees for credit reports, credit monitoring, or other identity theft insurance products, and other losses resulting from the Data Incident. If a Settlement Class Member does not elect Cash Payment A – Documented Losses on the Claim Form, they will not be eligible to receive a documented loss payment. Settlement Class Members will be required to submit reasonable documentation supporting the losses, which means documentation contemporaneously generated or prepared by a third party or the Settlement Class Member supporting a claim for expenses paid. Non-exhaustive examples of reasonable documentation include receipts, bills, invoices, telephone records, and correspondence. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendants or otherwise. The Settlement Class Member must make and have made all reasonable efforts to avoid, mitigate, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be treated as if he or she elected Cash Payment B.

(b) **Cash Payment B – Pro Rata Cash**

In addition to Cash Payment A – Documented Losses, Settlement Class Members may elect to receive Cash Payment B – Pro Rata Cash. The amount of each Cash Payment B – Pro Rata Cash shall be calculated by evenly dividing the remaining balance of the Net Settlement

Fund after payment for all other Settlement Class Member Benefits by the number of Class Members who have elected to receive Cash Payment B – Pro Rata Cash. The amount of each Cash Payment B – Pro Rata Cash is currently estimated to be $150 but will increase or decrease based upon the number of Valid Claims filed.

(c) **California Statutory Payment**

Members of the California Subclass may submit a Claim for an additional $107 California Statutory Payment in recognition of claims under the California Consumer Privacy Act and Unfair Competition Law.

(d) **Credit Monitoring**

In addition to a Cash Payment, Settlement Class Members may elect to receive three years of one bureau Credit Monitoring with CyEx Financial Shield Complete, which shall provide at least the following benefits: single-bureau credit monitoring, dark web monitoring, identity theft insurance coverage of up to $1,000,000.00, and fully managed identity recovery services.

**VI. <u>Settlement Approval</u>**

78. Plaintiffs' Motion for Preliminary Approval shall, among other things, request that the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program and the form and content of the Notices; (4) approve the Claim Process and the form and content of the Claim Form; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Epiq as the Settlement Administrator; (7) appoint Plaintiffs as Class Representatives and Grayson Wells, Courtney Maccarone, and Casondra Turner as Class Counsel for Settlement purposes; (8) stay further deadlines in the Action pending Final Approval of the Settlement; and (9) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendants' Counsel.

**VII. <u>Settlement Administrator</u>**

79. The Parties agree that, subject to Court approval, Epiq shall be the Settlement Administrator. Class Counsel shall oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

80. The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and overseeing the distribution of all Settlement Class Members' Benefits.

81. The Settlement Administrator's duties include the following:

a. Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice or Postcard Notice and sending out Long Form Notices and paper Claim Forms upon request from Settlement Class Members;

b. Establishing and maintaining the Settlement Fund and the Escrow Account;

c. Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

d. Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

e. Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

f. Responding to any mailed Settlement Class Member inquiries;

g. Receiving and reviewing Claim Forms and notifying Claimants of deficient Claim Forms using the Notice of Deficiency;

h. Processing all opt-out requests from the Settlement Class;

i. Providing weekly reports to Class Counsel and Defendants' Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j. In advance of the Final Approval Hearing, preparing a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, including the value of all Claims for Cash Payments and the number of Settlement Class Members who elected Credit Monitoring, and providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k. Distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

l. Ensuring all Credit Monitoring activation codes are properly and timely sent to all Settlement Class Members who elect Credit Monitoring;

m. Paying Court-approved attorneys' fees, costs, and Service Awards, out of the Settlement Fund;

n. Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

o. Any other Settlement administration function at the joint instruction of Class Counsel and Defendants' Counsel.

## VIII. <u>Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures</u>

82. Defendants will provide the Settlement Administrator with the Class List no later than 10 days after entry of the Preliminary Approval Order.

83. Within 30 days following entry of the Preliminary Approval Order, the Settlement

Administrator shall commence the Notice Program provided herein using the forms of Notice approved by the Court. The Settlement Administrator shall provide direct and individual Notice to Class Members by sending the Postcard Notice via U.S. mail, to the extent mailing addresses are available, to the last known addresses for Settlement Class Members no later than the Notice Commencement Deadline. Prior to mailing, the Settlement Administrator shall check and update all addresses through the NCOA database maintained by the U.S. Postal Service. If a mailed Postcard Notice is returned with a forwarding address prior to the Claim Form Deadline, the Settlement Administrator shall promptly forward the Notice to the forwarding address. Where Postcard Notices are returned with no forwarding address prior to the Claim Form Deadline, the Settlement Administrator shall undertake reasonable means to ascertain a valid forwarding address and forward the Postcard Notice. The Settlement Administrator shall also send Email Notice to all Settlement Class Members for whom the Settlement Administrator has or is able to procure email addresses following reverse lookups or other reasonably accepted search methods.

84. Publication Notice will likewise commence within 30 days following Preliminary Approval and be disseminated in a manner determined by the Settlement Administrator in consultation with the Parties. Publication Notice shall include the internet and various targeted social media. The Publication Notice will direct the Settlement Class Members to the Settlement Website for more information about the Settlement and to learn how to submit a Claim. The Parties shall approve the content, design, layout, placement, medium, targeting parameters, and target audience for Publication Notice, and approval shall not be withheld without good cause.

85. The Email Notice and Postcard Notice shall include, among other information: (a) a description of the material terms of the Settlement; (b) how to submit a Claim Form; (c) the Claim Form Deadline; (d) the Opt-Out Deadline for Settlement Class Members to timely exclude themselves from Settlement Class; (e) the Objection Deadline for Settlement Class Members to timely object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (f) the Final Approval Hearing date; and (g) the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and

information. Class Counsel shall insert the correct dates and deadlines in the Notices before the Notice Commencement Deadline, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

86. The Settlement Administrator shall establish the Settlement Website no later than the day before the Notice Commencement Deadline. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted online directly on the Settlement Website or in printable version that can be sent by U.S. mail to the Settlement Administrator.

87. The Long Form Notice shall also include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class Member may opt-out of the Settlement Class at any time before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members will not be allowed. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

88. The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards. Objections must be filed with the Court, and sent by U.S. mail to Class Counsel,

Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted upon the postmark date indicated on the envelope. In other words, objections by mail postmarked later than the Objection Deadline are late and will not be considered by the Court. If submitted by courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

89. For a valid objection, the objection must contain everything set forth herein below:

a. the case name and case number;

b. the objector's full name, mailing address, telephone number, and email address (if any);

c. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d. a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e. the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Fee and Costs Award and Service Awards;

g. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

h. the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

i. a list of all persons whom the objector intends to call to testify at the Final Approval Hearing in support of the objection (if any);

j. a statement confirming whether the objector intends to testify at the Final Approval Hearing;

k. a statement of whether the objector and/or objector's counsel utilized any form of artificial intelligence in preparing the objection; and

l. the objector's signature (an attorney's signature is not sufficient).

90. Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel. This includes taking depositions and requesting documents.

91. The Court may overrule an objection that does not strictly comply with the requirements set forth in ' paragraph 89 on procedural grounds without regard to consideration of the merits of the objection.

92. Settlement Class Members who submit both objections and opt-out requests will be deemed to have opted-out of the Settlement regardless of which was submitted or filed first.

93. The Notice Program shall be completed in its entirety no later than 45 days before the initial scheduled Final Approval Hearing.

## IX. Claim Process and Disbursement of Cash Payments

94. The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

95. Claim Forms may be submitted online through the Settlement Website or through U.S. mail by sending them to the Settlement Administrator at the address designated on the Claim Form. Claim Forms must be submitted online or postmarked by the Claim Form Deadline.

96. The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

97. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of Claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

98. The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to

the supervision of the Parties and ultimate oversight by the Court.

99. Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Settlement Class Member using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the physical or e-signature. A Settlement Class Member shall have until the Claim Form Deadline, or 15 days after the date the Notice of Deficiency is sent via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Settlement Class Member timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Settlement Class Member does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants and Class Counsel otherwise agree.

100. Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a. Failure to fully complete and/or sign the Claim Form;

b. Illegible Claim Form;

c. The Claim Form is fraudulent;

d. The Claim Form is duplicative of another Claim Form;

e. The Claimant is not a Settlement Class Member;

f. The Claimant submitted a timely and valid request to opt-out of the Settlement Class;

g. The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h. Failure to submit a Claim Form by the Claim Form Deadline; and/or

i. The Claim Form otherwise does not comply with the requirements of this Settlement.

101. The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a. The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication;

b. A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph;

c. If a Claim is rejected for containing incomplete or inaccurate information or omitting required information, Defendants and Class Counsel may agree not to reduce or deny the Claim;

d. If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendants' Counsel shall be provided with copies of all such notifications to Claimants; and

e. The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

102. The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendants' Counsel. Additionally, Class Counsel and Defendants' Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

103. No person or entity shall have any claim against Defendants, Defendants'

Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

104. No later than 60 days after the Effective Date or completion of the Settlement Administrator's validity review, whichever is later, the Settlement Administrator shall distribute the Cash Payments.

105. Cash Payments to Settlement Class Members will be made by electronic payment, or by check if electronic payment is not feasible or if the Settlement Class Member requests payment by check. Settlement Class Members will choose their form of electronic payment on their Claim Form.

106. In the event there are funds remaining in the Settlement Fund 120 days following the date Cash Payments are issued, said funds attributable to unclaimed and undeliverable funds shall be treated as residual funds as described in Section XII.

107. The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that include an election for Credit Monitoring with information on how to enroll in the Credit Monitoring, including the activation code.

## X. <u>Final Approval Order and Final Judgment</u>

108. Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the initial scheduled Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all requirements listed in this Agreement.

109. At or following the Final Approval Hearing, the Court will determine whether to

enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

a. Determine that the Settlement is fair, adequate and reasonable;

b. Finally certify the Settlement Class for settlement purposes only;

c. Determine the completed Notice Program satisfies Due Process requirements;

d. Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e. Release Defendants and the Released Parties from the Released Claims, as specified in Section XIII below; and

f. Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI. Service Awards, Attorneys' Fees and Costs

110. ***Service Awards*** – In recognition of the time and effort the Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities as Class Representatives, and of the relief conferred on all Settlement Class Members by the Settlement, Class Counsel shall request Service Awards for the Class Representatives in an amount not to exceed $3,500.00 each. If approved, the Service Awards shall be paid by the Settlement Administrator out of the Settlement Fund within 10 days of the Effective Date. The Service Awards to the Class Representatives shall be separate and apart from their entitlement to Settlement Class Member Benefits.

111. ***Attorneys' Fees and Costs*** – Class Counsel shall apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus reimbursement of

reasonable costs. The attorneys' fees and costs approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within 10 days of the Effective Date. Class Counsel shall be responsible for allocating and distributing attorneys' fees among all Plaintiffs' counsel.

112. This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and Service Awards were negotiated after all material terms of the Settlement had been agreed to.

## XII. Disposition of Residual Funds

113. In the event there are funds remaining in the Settlement Fund 120 days following the date Cash Payments are issued to Settlement Class Members ("Residual Funds"), any such Residual Funds shall be distributed *pro rata* among all Settlement Class members who timely submitted a Valid Claim, provided that the payment to each such Settlement Class Members would be at least five ($5) dollars after consideration of the administration costs to process and tender such payments. If the amount of the residual payment to participating Settlement Class Members would not be at least five ($5) dollars, then the Residual Funds shall be instead directed to the a *cy pres* recipient agreeable to the Parties and upon approval by the Court via a motion to disburse.

## XIII. Releases

114. Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and irrevocably released, acquitted, relinquished, and forever discharged Defendants and the Released Parties from any and all Released Claims, and shall be forever barred from instituting, maintaining or prosecuting any and all liabilities, rights, claims, actions, causes of actions, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, asserted or unasserted, existing or

potential, suspected or unsuspected, liquidated, legal, statutory, or equitable, based on contract, tort, or any other theory whether on behalf of themselves or others, that result from, arise out of, are based upon, or related to the Data Incident that the Releasing Parties may have or had.

115. Each of the Releasing Parties expressly waives state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200, *et seq*. Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

116. Settlement Class Members who opt-out of the Settlement on or before the Opt-Out Deadline do not release their claims arising out of related to the Data Incident and will not obtain any of the Settlement Class Member Benefits under the Settlement.

117. Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting all Released Claims, whether on behalf of

Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

118. The power to enforce any term of this Settlement is not affected by the releases in this section.

## XIV. Termination of Settlement

119. This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

(a) Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

(b) Court entry of the Preliminary Approval Order;

(c) Court entry of the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

(d) The occurrence of the Effective Date.

120. If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition of approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

121. Defendants shall have the right to terminate the Settlement Agreement if 20% or greater of the Settlement Class Members opt out of the Settlement.

122. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

123. In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendants. However, Defendants shall have

no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid or incurred.

## XV. Effect of Termination

124. The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendants', and Defendants' Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

125. In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI. No Admission of Liability

126. This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendants maintain that Plaintiffs' claims do not have merit and have denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendants deny all liability and all allegations of wrongdoing of any kind.

127. Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel

concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

128. This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

129. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

130. In addition to any other defenses Defendants or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII. Miscellaneous Provisions

131. ***Confidentiality***. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendants may also provide information

about the Agreement to their attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws, other applicable laws and regulations, and as necessary to effect the Settlement.

132. ***Non-Disparagement/No Press Releases***. No Party shall disparage any other Party, nor shall any Party issue any press release or shall otherwise initiate press coverage of the Settlement. If contacted, the Party may respond generally by stating that they are pleased that the Settlement was reached and that it was a fair and reasonable result.

133. ***Gender and Plurals***. As used in this Agreement, the masculine, feminine, or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

134. ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

135. ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

136. ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

137. ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

138. ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

139. ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Nevada, without regard to the principles thereof regarding choice of law.

140. ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted through email of a PDF shall be deemed an original.

141. ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

142. ***Notices***. All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

**<u>If to Plaintiffs or Class Counsel</u>**:

Grayson Wells
**Stranch, Jennings & Garvey, PLLC**
223 Rosa L. Parks Ave., Ste. 200
Nashville, TN 37203
gwells@stranchlaw.com

Courtney Maccarone
**Kopelowitz Ostrow P.A.**
One W Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
maccarone@kolawyers.com

Casondra Turner
**Milberg, PLLC**
260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
cturner@milberg.com

**If to Defendants or Defendants' Counsel**:

James W. Ducayet
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036
jducayet@sidley.com

Colleen T. Brown
Joshua J. Fougere
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202.736.8000
Facsimile: 202.736.8711
ctbrown@sidley.com
jfougere@sidley.com

*Attorneys For Brightstar Global Solutions*

Cari K. Dawson
David B. Carpenter
**ALSTON & BIRD LLP**
1201 West Peachtree St.
One Atlantic Center
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
cari.dawson@alston.com
david.carpenter@alston.com

*Attorneys for IGT*

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received because of the Notice Program.

143. ***Modification and Amendment***. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

144. ***No Waiver***. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

145. ***Authority***. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all terms and provisions of this Agreement.

146. ***Agreement Mutually Prepared***. Neither Plaintiffs nor Defendants shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

147. ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law,

subsequently occurring or otherwise.

148. ***No Tax Advice***. The Parties acknowledge that no tax advice has been offered or given by either Party to the other in connection with this Agreement, and each Party is relying upon the advice of its/their own tax consultant with regard to any tax consequences which may arise as a result of the execution of this Agreement.

149. ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

***SIGNATURE PAGE TO FOLLOW***

**CLASS COUNSEL (on behalf of Plaintiffs)**

11/9/2026

GRAYSON WELLS
**STRANCH, JENNINGS, & GARVEY PLLC**

11/9/2026

COURTNEY MACCARONE
**KOPELOWITZ OSTROW P.A.**

11/9/2026

CASONDRA TURNER
**MILBERG, PLLC**

**COUNSEL FOR DEFENDANT INTERNATIONAL GAME TECHNOLOGY (on behalf of Defendant International Game Technology)**

CARI DAWSON
**ALSTON & BIRD**

**DEFENDANT BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION**

By: Christopher C. Spears
Executive Vice President & Secretary

**DEFENDANT BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION'S COUNSEL**

JIM DUCAYET
**SIDLEY AUSTIN LLP**

**CLASS COUNSEL (on behalf of Plaintiffs)**

11/9/2026
_______________________________
GRAYSON WELLS
**STRANCH, JENNINGS, & GARVEY PLLC**

11/9/2026
_______________________________
COURTNEY MACCARONE
**KOPELOWITZ OSTROW P.A.**

11/9/2026
_______________________________
CASONDRA TURNER
**MILBERG, PLLC**

**COUNSEL FOR DEFENDANT INTERNATIONAL GAME TECHNOLOGY (on behalf of Defendant International Game Technology)**

_______________________________
CARI DAWSON
**ALSTON & BIRD**

**DEFENDANT BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION**

_______________________________

By: _______________________________

_______________________________

**DEFENDANT BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION'S COUNSEL**

_______________________________
JIM DUCAYET
**SIDLEY AUSTIN LLP**

# EXHIBIT 1

# Notice of Class Action Settlement

If your **Private Information** was determined to be impacted in the Data Incident publicly announced by **IGT and Brightstar Global Solutions Corporation** in or around October 2025, you may be entitled to Settlement Class Member Benefits from a Settlement.

## Submit your Claim by Month DD, 20YY

For your unique claim filing information see below or click here.

**Submit Your Claim**

You may be eligible to receive benefits from a **$1.7 million class action settlement** involving Defendants International Game Technology and Brightstar Global Solutions Corporation ("Defendants").

Defendants discovered on or around November 17, 2024 that they experienced a Data Incident that resulted in the unauthorized access to Settlement Class Members' Private Information, including some combination of names, contact information, dates of birth, government identification documents or government identification numbers, such as driver's license numbers, Social Security numbers or other tax identifiers, financial account information, health data, and other information. Not all categories of information were potentially impacted for all class members.

Defendants deny the allegations in the lawsuit and have agreed to settle the lawsuit, *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK, pending in the United States District Court for the District of Nevada.

## Who is Included?

**Records show you are a Settlement Class Member** defined as: all United States residents whose Private Information was determined to be impacted in the Data Incident.

## What Does the Settlement Provide?

As a Settlement Class Member, you can submit a Claim here or by mail postmarked by **Month DD, 20YY**, for the following Settlement Class Member Benefits:

### Cash Payment A – Documented Losses

Up to $5,000 for reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident. You *must* provide documentation of your losses with your Claim.

**AND**

### Cash Payment B – Pro Rata Cash:

An estimated cash payment of $150. You do *not* need to provide documentation of your losses with your Claim.

**AND**

### California Statutory Cash Payment:

An additional cash payment of $107 if you were a resident of California at the time of the Data Incident.

**AND**

**Credit Monitoring:**

Three years of one-bureau Credit Monitoring with CyEx Financial Shield Complete.

Your cash payment may have a *pro rata* (a legal term meaning equal share) increase or decrease based on the total of all Valid Claims.

## Other Options

**Opt-Out postmarked by Month DD, 20YY.** Submit an opt-out if you do not want to be part of the Settlement Class. The Court will exclude Settlement Class Members who request to opt-out. If you do *not* opt-out, you will be bound by the Settlement and any orders or judgments. The Long Form Notice on the Settlement Website explains how to opt-out.

**Object by Month DD, 20YY.** You may object to the Settlement if you do not opt-out. The Long Form Notice on the Settlement Website explains how to object.

**Do Nothing.** You will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any orders or judgments.

**Final Approval Hearing on Month DD, 20YY.** The Court will hold a Final Approval Hearing to consider approving the Settlement, Attorneys' Fees of up to one-third of the Settlement Fund ($566,666.67), plus reasonable costs and expenses, and Service Awards of $3,500 to each of the Class Representatives. If you filed a timely objection, you or your attorney may appear at the hearing at your own cost, but it is not required.

This notice is a summary. Learn more here or call toll-free 1-XXX-XXX-XXX.

## Your Unique Information

<<Variable Data>>

**Submit Your Claim**

If {\recipient_addr} should not be subscribed or if you need to change your subscription information for {\client_name}, please use this preferences page.

# EXHIBIT 2

IGT / Brightstar Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

BARCODE NO-PRINT ZONE

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. 2882

**Court-Approved Notice of Settlement**

If your Private Information was determined to be impacted in the Data Incident involving IGT and Brightstar Global Solutions Corporation, you may be entitled to Settlement Class Member Benefits from a Settlement.

**LEARN MORE**
Scan this QR code to visit the Settlement Website or call toll-free 1-xxx-xxx-xxxx

SAMPLE

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, <<STATE>> <<ZIP>>
<<COUNTRY>>

Barcode No-Print Zone

## Lawsuit Background

You may be eligible to receive benefits from a **$1.7 million class action settlement** involving IGT and Brightstar Global Solutions Corporation ("Defendants").

Defendants discovered on or around November 17, 2024 that they experienced a Data Incident that potentially resulted in the unauthorized access to Settlement Class Members' Private Information. Defendants deny the allegations in the lawsuit and have agreed to settle the lawsuit, *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK (D. Nev.).

**Who is included?** **Records show you are a Settlement Class Member** defined as: "all United States residents whose Private Information was determined to be impacted in the Data Incident."

## What Does the Settlement Provide?

As a Settlement Class Member, you can submit a Claim online or by mail postmarked by **Month DD, 20YY** for the following:

**Cash Payment A–Documented Losses**

Up to **$5,000** for reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident. You *must* provide documentation of your losses with your Claim.

**——— AND ———**

**Cash Payment B–Pro Rata Cash:**
An estimated cash payment of **$150.** You do *not* need to provide documentation of your losses with your Claim.

**——— AND ———**

**California Statutory Cash Payment:**
An additional cash payment of $107, if you were a resident of California at the time of the Data Incident.

**——— AND ———**

**Credit Monitoring:**
Three years of one-bureau Credit Monitoring.

**This is a summary. Call toll-free 1-xxx-xxx-xxxx or visit www.xxxx.com.**

Your cash payment may have a *pro rata* (a legal term meaning equal share) increase or decrease based on the total of all Valid Claims.

## Other Options

**Opt-Out by Month DD, 20YY** if you do not want to be part of the Settlement Class. The Court will exclude Settlement Class Members who request to opt-out. If you do *not* opt-out, you will be bound by the Settlement and any orders or judgments. The Long Form Notice on the Settlement Website explains how to opt-out.

**Object by Month DD, 20YY.** You may object to the Settlement if you do not opt-out. The Long Form Notice explains how to object.

**Do Nothing.** You will get no benefits from the Settlement, and you will be bound by the Settlement and any orders or judgments.

**Final Approval Hearing on Month DD, 20YY.** The Court will hold a Final Approval Hearing to consider approving the Settlement, Attorneys' Fees of up to one-third of the Settlement Fund ($566,666.67), plus reasonable costs, and Service Awards of $3,500 to each of the Class Representatives. If you filed a timely objection, you or your attorney may appear at the hearing at your own cost, but it is not required.

**Brightstar Lottery Settlement**

Submit your Claim by **Month DD, 20YY**

Unique ID: <<UniqueID>> PIN: <<PIN>>

**Submit Your Claim**

Scan here or visit

www.XXXXXXXXXXXX.com

SAMPLE

## CLAIM FORM

<<MAIL ID>>

**Your Claim must be submitted by Month DD, 20YY**

First Name: | MI: | Last Name:

Email Address:

**<u>Cash Payment A – Documented Losses:</u>** Up to $5,000 per Settlement Class Member for reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident. **To file a Claim Form for Cash Payment A, you cannot submit a Claim with this postcard and must instead visit the Settlement Website and follow the instructions on the Claim Form.** You can also download and print the Claim Form and file by mail.

**<u>Cash Payment B – Pro Rata Cash:</u>** In addition to Cash Payment A, you may submit a Claim Form, without providing documentation, to receive a *pro rata* (a legal term meaning equal share) Cash Payment in the estimated amount of $150. The specific amount of this Cash Payment will increase or decrease based upon the number of Valid Claims filed.

☐ By checking this box, I affirm I want to receive Cash Payment B – Pro Rata Cash.

**<u>California Statutory Cash Payment:</u>** An additional cash payment of $107, if you were a resident of California at the time of the Data Incident.

☐ By checking this box, I swear and affirm I was a resident of California on the approximate date when the Data Incident occurred, i.e., September 4, 2024.

**<u>Credit Monitoring:</u>** In addition to Cash Payment A and Cash Payment B, you may also receive three years of free one-bureau Credit Monitoring.

☐ By checking this box, I affirm I want to receive three years of free Credit Monitoring.

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.**

Signature: | Date (MM/DD/YY):

BARCODE
NO-PRINT
ZONE

PLACE
STAMP
HERE

IGT/BRIGHTSTAR SETTLEMENT
SETTLEMENT ADMINISTRATOR
PO BOX XXXX
PORTLAND, OR 97XXX-XXXX

# EXHIBIT 3

# *IGT Brightstar*
# Banner Advertisement

**300x250 Online Display Banner**

Frame 1 (Visible 9 seconds):




Frame 2 (Visible 6 seconds):



# EXHIBIT 4

# If your Private Information was determined to be impacted in the Data Incident involving IGT and Brightstar Global Solutions Corporation, you may be entitled to Settlement Class Member Benefits from a Settlement.

**Court-Approved Notice of Settlement.** You may be eligible to receive Settlement Class Member Benefits from a **$1.7 million class action settlement** involving IGT and Brightstar Global Solutions Corporation ("Defendants"). A Data Incident that was discovered on or around November 17, 2024 involving Defendants potentially resulted in unauthorized access to Settlement Class Members' Private Information, including some combination of names, contact information, dates of birth, government identification documents or government identification numbers, such as driver's license numbers, Social Security numbers or other tax identifiers, financial account information, health data, and other information. Not all categories of information were potentially impacted for all class members. Defendants deny the allegations in the lawsuit and have agreed to settle the lawsuit, *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK, United States District Court for the District of Nevada.

- **Settlement Class**: You are a Settlement Class Member if you are a United States resident whose Private Information was determined to be impacted in the Data Incident publicly announced by the Defendants in or around October 2025.
- **Submit a Claim:** If you are a Settlement Class Member, you can submit a Claim online or by mail postmarked by **Month DD, 20YY**, for the following Settlement Class Member Benefits:

**Cash Payment A – Documented Losses:**
Up to $5,000 for reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident. You *must* provide documentation of your losses with your Claim.

**AND**

**Cash Payment B – Pro Rata Cash:**
An estimated cash payment of $150. You do *not* need to provide documentation of your losses with your Claim.

**AND**

**California Statutory Cash Payment:**
An additional cash payment of $107 if you were a resident of California at the time of the Data Incident.

**AND**

**Credit Monitoring:**
Three years of one-bureau Credit Monitoring with CyEx Financial Shield Complete.

Your Cash Payment may have a *pro rata* (a legal term meaning equal share) increase or decrease based on the total value of all Valid Claims.

| Your Legal Rights & Options | Important Dates |
| --- | --- |
| **Submit a Claim:** You must submit a Claim to receive Settlement Class Member Benefits. | Submit or postmarked by: **Month DD, 20YY** |
| **Opt-Out:** You may submit an opt-out if you do not want to be part of the Settlement Class. The Court will exclude Settlement Class Members who request to opt-out. | Postmarked by: **Month DD, 20YY** |
| **Object:** You may object to the Settlement if you do not opt-out. | File by: **Month DD, 20YY** |
| **Do Nothing:** You will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any orders or judgments. | |
| **Final Approval Hearing:** The Court will decide whether to approve the Settlement, Class Counsel's attorneys' fees and costs, Service Awards, and any objections. | Final Approval Hearing: **Month DD, 20YY** |

SAMPLE

**LEARN MORE**
Scan this QR code, call toll-free 1-XXX-XXX-XXXX
or visit www.XXXXXXXXXXXXXXX.com

# NOTICE OF CLASS ACTION SETTLEMENT

## 1. Why is this notice being provided?

This notice explains that a settlement was reached in a class action lawsuit called *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK, pending in the United States District Court for the District of Nevada, assigned to Judge Gloria M. Navarro.

The individuals who filed this lawsuit are called the "Plaintiffs" or "Class Representatives," and the companies they filed a lawsuit against, IGT and Brightstar Global Solutions Corporation, are called the "Defendants." Defendants deny they did anything wrong. The Court has not decided who is right or wrong. Instead, the Plaintiffs and Defendants have agreed to a settlement for the class action lawsuit.

## 2. What is the Settlement about?

A $1.7 million class action settlement was reached in a class action lawsuit for a Data Incident that was discovered on or about November 17, 2024 involving Defendants.

A Data Incident involving Defendants was discovered on or around November 17, 2024 and potentially resulted in unauthorized access to Settlement Class Members' Private Information, including some combination of names, contact information, dates of birth, government identification documents or government identification numbers, such as driver's license numbers, Social Security numbers or other tax identifiers, financial account information, health data, and other information. Not all categories of information were potentially impacted for all class members.

## 3. Why is this lawsuit a class action?

In a class action, one or more people (called class representatives) file a lawsuit for others who have the same legal claims. Together, these people are called a "class" or "class members." One court resolves the issues for all class members, except for those class members who opt-out of the class by the deadline.

# Settlement Class

## 4. How do I know if I am included in the Settlement Class?

You are a member of the Settlement Class if you are a United States resident whose Private Information was determined to be impacted in the Data Incident.

## 5. Are there exceptions to being included in the Settlement Class?

Yes, the Settlement Class excludes: (1) all persons who are directors, officers, and agents of Defendants, or their respective subsidiaries and affiliated companies; (2) governmental entities; (3) the Judge assigned to the lawsuit, that Judge's immediate family, and Court staff; and (4) all Settlement Class Members who timely opt-out of the Settlement Class.

## 6. What if I am still not sure if I am a member of the Settlement Class?

If you are still not sure if you are a member of the Settlement Class, you may go to www.XXXXXXXXXXX.com or call toll-free 1-XXX-XXX-XXXX for more information.

# Settlement Class Member Benefits

## 7. What does the Settlement provide?

Defendants have agreed to pay $1,700,000 into a Settlement Fund. This money will be used to provide Settlement Class Member Benefits to members of the Settlement Class who submit a Claim. You must submit your Claim before the deadline and your Claim must be considered valid to receive any Settlement Class Member Benefits.

## 8. What can I get from the Settlement?

If you are a member of the Settlement Class, you may submit a Claim for the following Settlement Class Member Benefits:

**Cash Payment A – Documented Losses:**
Up to $5,000 for reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident. You *must* provide documentation of your losses with your Claim.

**AND**

**Cash Payment B – Pro Rata Cash:**
An estimated cash payment of $150. You do *not* need to provide documentation of your losses with your Claim.

**AND**

**California Statutory Cash Payment:**
An additional cash payment of $107 if you were a resident of California at the time of the Data Incident.

**AND**

**Credit Monitoring:**
Three years of one-bureau Credit Monitoring with CyEx Financial Shield Complete.

Your cash payment may have a *pro rata* (a legal term meaning equal share) increase or decrease based on the total value of all Valid Claims.

**Cash Payment A – Documented Losses – Additional Details:**

- These types of documented losses that you may claim include, without limitation (i) documented out-of-pocket expenses such as: (a) professional fees, such as attorney fees, account fees, and fees for credit repair services; (b) bank fees, (c) long-distance phone charges, (d) cell phone charges (only if charged by the minute), (e) data charges (only if charged based on the amount of data used), (f) postage, (g) gasoline for local travel; and (ii) documented fees for credit reports, credit monitoring, or other identity theft insurance products, and other losses resulting from the Data Incident.
- Reasonable documentation means documents that support the expenses you paid for losses resulting from fraud and/or identity theft as a result of the Data Incident. These documents may have been created by you or by someone else at the time of the expense. Examples of reasonable documentation include, but are not limited to: telephone records, bills, invoices, correspondence including emails, or receipts. "Self-prepared" documents such as declarations, affidavits, or handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation.
- You will not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including payment provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by the Defendants or otherwise.

- The loss must have occurred between September 4, 2024 and the date of the deadline to submit a Claim. If you do not submit reasonable documentation supporting your loss, or if the Settlement Administrator determines your Claim is incomplete, implausible, or not traceable to the Data Incident, and you do not fix your Claim, your Claim will be denied and your Claim for Cash Payment A – Documented Losses will instead be processed as if you selected Cash Payment B – Pro Rata Cash.

**Cash Payment B – Pro Rata Cash – Additional Details:**

- In addition to Cash Payment A – Documented Losses, Settlement Class Members may also elect to receive a Pro Rata Cash Payment. The amount of the payment is *pro rata*, meaning that it is calculated by evenly dividing the remaining balance of the Net Settlement Fund by the number of Valid Claims. The amount of the Pro Rata Cash Payment is currently estimated to be $150 but will increase or decrease based upon the number of Valid Claims filed.

**California Statutory Payment– Additional Details:**

- Settlement Class Members who resided in California at the time of the Data Incident may submit a Claim for an additional $107 California Statutory Payment.

## Submit a Claim

### 9. How do I submit a Claim?

You can submit a Claim online or by mail. A Claim Form is also available at www.XXXXXXXXXXX.com or by calling 1-XXX-XXX-XXXX or by writing to the address for mailing your Claim:

**Option 1 – Submit Online**

Complete and submit your Claim by **Month DD, 20YY.**
Scan the QR code or go to: www.XXXXXXXXXXX.com.

SAMPLE

**Option 2 – Submit by Mail**

Complete and submit your Claim by mail, **postmarked** by **Month DD, 20YY**, and mailed to:

IGT/Brightstar Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

### 10. What happens if my contact information changes?

If your mailing address or email address changes, please send your new contact information in writing to:

IGT/Brightstar Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

## 11. When will I receive benefits from the Settlement?

Settlement Class Member Benefits will be provided after the Settlement is approved by the Court. This may take time. Please check www.XXXXXXXXXXX.com for updates.

# Release

## 12. What am I giving up to receive Settlement Class Member Benefits or stay in the Settlement Class?

If the Settlement is approved and becomes final, all Court orders and any judgments will apply to you and legally bind you. This means you will not be able to continue or be part of any other lawsuit against the Released Parties about the Released Claims in this lawsuit. A release means you are giving up your right to be part of a different lawsuit against the Released Parties for the legal issues covered by the Settlement.

Section XIII of the Settlement Agreement describes the Releases in necessary legal terminology, so please read that information carefully. The Settlement Agreement is available at www.XXXXXXXXXXX.com. If you have questions about the Releases and what the language in the Settlement Agreement means, you can contact Class Counsel listed below for free, or you can talk to your own lawyer at your own cost.

# Opt-Out of the Settlement Class

## 13. What happens if I opt-out of the Settlement Class?

You may opt-out of the Settlement Class and the Court will exclude you. If you do not want to be included in the Settlement Class, you must opt-out.

If you opt-out:

- **You will not receive any benefits from the Settlement, including any cash payment.**
- You *cannot* object to the Settlement; and
- The Settlement and any judgments will *not* apply to you. You will keep your legal right to be part of another lawsuit about the legal claims against the Released Parties involved in the Settlement.

## 14. How do I opt-out of the Settlement Class?

To opt-out of the Settlement Class, you must mail a written request and include the following information:

1) Your name, address, telephone number, and email address;
2) Your personal signature; and
3) A statement that you want to opt-out of the Settlement Class, such as "I want to opt-out of the Settlement Class in *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK."

Your opt-out must be **postmarked** by **Month DD, 20YY**, and **mailed** to:

IGT/Brightstar Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**You cannot opt-out of the Settlement Class by telephone or by email.**

"Mass" opt-outs are opt-outs submitted for multiple Settlement Class Members by a third-party. Mass opt-outs will not be allowed.

### 15. If I opt-out of the Settlement Class, will I get anything from the Settlement?

No. If you opt-out of the Settlement Class, you will not receive anything from the Settlement. The Settlement will not apply to you, and you will not be bound by it or any judgments. **If you want to receive Settlement Class Member Benefits, do not opt-out of the Settlement Class.**

### 16. If I opt-out of the Settlement Class by mistake, can I still submit a Claim?

Yes. You may submit a Claim. Please contact the Settlement Administrator to confirm that you want to **withdraw your request to opt-out** and you want to submit a Claim. If you do not withdraw your request to opt-out, you will be excluded and will not receive any Settlement Class Member Benefits.

### 17. If I do not opt-out of the Settlement Class, can I file a lawsuit for the same thing later?

No. You will give up your right to be part of a lawsuit against the Defendants and Released Parties for the legal claims arising out of or related to the Data Incident. You will be bound by the Settlement, orders, and judgments in the lawsuit.

## Object to the Settlement

### 18. How do I tell the Court I do not like the Settlement?

As a member of the Settlement Class, you can file an objection to tell the Court you do not like any part of the Settlement. The Court can only approve or deny the current Settlement. If the Court does not approve the Settlement no benefits will be provided.

To object, you must file a written objection with the Court. Your objection must state that you object to the Settlement in *Loescher, et al. v. International Game Technology, et al.*, Case No. :2:25-cv-01917-GMN-NJK, and must include the following information:

1) The case name and number - *Loescher, et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917-GMN-NJK;
2) the objector's full name, mailing address, telephone number, and email address (if any);
3) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;
4) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
5) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;
6) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Fee and Costs Award and Service Awards;
7) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;
8) the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;
9) a list of all persons whom the objector intends to call to testify at the Final Approval Hearing in support of the objection (if any);

10) A statement confirming if the objector plans to personally appear and/or testify at the Final Approval Hearing;
11) A statement of whether the objector and/the objector's counsel utilized any form of artificial intelligence in preparing the objection; and
12) The objector's signature (a lawyer's signature is not sufficient).

To object, you must file a written objection with the Court so it is **received** by **Month DD, 20YY**. You must also send your objection to Class Counsel, Defendants' Counsel, and the Settlement Administrator so it is **received** by **Month DD, 20YY,** via US Mail or shipped by private courier (such as Fed Ex or UPS) to:

| | |
|---|---|
| **Court** | Clerk, U.S. District Court<br>Lloyd D. George U.S. Courthouse<br>333 Las Vegas Boulevard South,<br>Las Vegas, NV 89101-7065 |
| **Class Counsel** | Grayson Wells<br>**Stranch, Jennings & Garvey, PLLC**<br>223 Rosa L. Parks Ave., Ste. 200<br>Nashville, TN 37203<br><br>Courtney Maccarone<br>**Kopelowitz Ostrow P.A.**<br>One W Las Olas Blvd., Suite 500<br>Fort Lauderdale, FL 33301<br><br>Casondra Turner<br>**Milberg PLLC**<br>260 Peachtree Street NW, Suite 2200<br>Atlanta, GA 30303 |
| **Defendants' Counsel** | Jim Ducayet<br>**Sidley Austin LLP**<br>One South Dearborn<br>Chicago, IL 60603<br><br>Colleen Brown<br>**Sidley Austin LLP**<br>1501 K Street, N.W.<br>Washington, DC 20001<br><br>Cari Dawson<br>David Carpenter<br>**Alston & Bird LLP**<br>1201 W. Peachtree Street NW, Suite 4900<br>Atlanta, GA, 30309 |
| **Settlement Administrator** | IGT/Brightstar Settlement Objection<br>PO Box xxxx<br>Portland, OR **97xxx-xxxx** |

Class Counsel and/or Defendants' Counsel may conduct limited discovery (a legal process lawyers use to gather information) for any objector or their lawyer.

### 19. What is the difference between opting-out of the Settlement Class or objecting to the Settlement?

**Opting-out** is telling the Court you do not want to be in the Settlement Class. If you opt-out of the Settlement Class, you cannot object or submit a Claim because you are no longer part of the Settlement Class, and the Settlement does not apply to you.

**Objecting** is telling the Court you do not like something about the Settlement. You can object only if you stay in the Settlement Class and you do not opt-out of the Settlement Class. If you object, you can submit a Claim because you are still part of the Settlement Class.

## Postmark Deadlines

### 20. What do I need to know about postmark deadlines?

Please note that per the United States Postal Service, mail may *not* be postmarked the day it is put in a mailbox or dropped off at a local post office. Postmarks occur when mail reaches a processing facility.

To meet a postmark deadline, it is recommended that you **mail at least a week prior to a postmark deadline**, get a manual postmark in-person at any post office, or send via Certified Mail.

## Do Nothing

### 21. What happens if I do nothing?

If you do nothing, you will stay in the Settlement Class, and the Settlement will apply to you. You must submit a Claim to receive Settlement Class Member Benefits. If you do nothing, you will be legally bound by the Court's orders and judgments.

## Class Counsel

### 22. As a member of the Settlement Class, do I have a lawyer in the lawsuit?

Yes. For a class action lawsuit, a judge selects lawyers called "Class Counsel" to handle the lawsuit for all class members. For this lawsuit, the Court selected Grayson Wells of Stranch, Jennings & Garvey, PLLC, Courtney Maccarone of Kopelowitz Ostrow P.A., and Casondra Turner of Milberg, PLLC as Class Counsel.

You may hire your own lawyer at your own cost if you want a lawyer other than Class Counsel to represent you in this lawsuit.

### 23. How will Class Counsel be paid?

Class Counsel will ask the Court for attorneys' fees of up to one-third of the Settlement Fund ($566,666.67), plus reimbursement of reasonable costs and expenses. Class Counsel will also request Service Awards for the Class Representatives of $3,500 each. If awarded by the Court, these requested amounts will be paid from the Settlement Fund. The Court may award less than these amounts.

## Final Approval Hearing

### 24. When is the Final Approval Hearing?

**When:** Month DD, 20YY, at XX:XX [am/pm] [time zone]

**Where:** United States District Court for the District of Nevada, Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101-7065

The date and time of the hearing may change without further notice. You should check www.XXXXXXXXXXX.com to confirm the date and time of the hearing. The Court may decide to hold the hearing by video or telephone.

At the Final Approval Hearing, the Court will decide whether to approve the Settlement, Class Counsel's attorneys' fees and costs, Service Awards, and any objections.

Settlement Class Member Benefits will be provided only if the Court approves the Settlement.

### 25. Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions from the judge. You may attend the hearing at your own expense, but you do not have to attend. If you file an objection, you do not have to attend the hearing to speak about it. If your objection is filed by the deadline, the Court will consider it.

### 26. May I speak at the Final Approval Hearing?

You or your lawyer may ask to appear at the hearing, but it is not required. If you file an objection by the deadline, the Court may listen to your objection at the hearing.

## Get More Information

### 27. How do I get more information?

Here are the ways to get more information.

**Scan:**

SAMPLE

**Call:**
1-XXX-XXX-XXXX

**Write:**
Brightstar Lottery Settlement
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**Visit:**
www.XXXXXXXXXXX.com

**PLEASE DO NOT CALL THE COURT OR CLERK'S OFFICE ABOUT THIS NOTICE.**

# EXHIBIT 5

**Must be postmarked or submitted online NO LATER THAN [DATE]**

**IGT / BRIGHTSTAR SETTLEMENT**
**SETTLEMENT ADMINISTRATOR**
**P.O. BOX XXXX**
**PORTLAND, OR 972XX-XXXX**
**www.XXXXXXXXX.com**

# IGT / BRIGHTSTAR SETTLEMENT CLAIM FORM

## GENERAL INFORMATION

You are a Settlement Class Member if you are a United States resident whose Private Information was determined to be impacted in the Data Incident.

**The easiest way to submit a Claim Form is online at www.XXXXXXXXX.com**, or you can print out, complete, and mail this entire Claim Form (with any required documentation) to the mailing address above. **Claim Forms must be submitted online or by mail postmarked by [DATE]. If you would prefer to submit by mail, please use the address at the top of this form.**

## SETTLEMENT CLASS MEMBER BENEFITS – WHAT YOU MAY GET

**You may submit a Claim Form for the following Settlement Class Member Benefits:**

1. **Cash Payment A – Documented Losses:** Up to $5,000 for reasonable documented losses resulting from fraud and/or identity theft as a result of the Data Incident. You *must* provide documentation of your losses with your Claim.

**AND**

2. **Cash Payment B – Pro Rata Cash:** An estimated cash payment of $150. You do *not* need to provide documentation of your losses with your Claim.

**AND (California Residents Only)**

3. **California Statutory Cash Payment:** An additional cash payment of $107 if you were a resident of California at the time of the Data Incident.

**AND**

4. **Credit Monitoring:** Three years of one-bureau Credit Monitoring with CyEx Financial Shield Complete.

* * *

Your cash payment may have a *pro rata* (a legal term meaning equal share) increase or decrease based on the total of all Valid Claims.

*Please note: the Settlement Administrator may contact you to request additional documents to process your Claim Form.*

For more information and complete instructions visit **www.XXXXXXXXX.com**

**Please note that Settlement Class Member Benefits will be distributed after the Settlement is approved by the Court and becomes final.**

## Contact Information

**1. NAME (REQUIRED):**

First Name MI Last Name

**2. MAILING ADDRESS (REQUIRED):**

Street Address

Apt. No.

City State ZIP Code

**3. PHONE NUMBER:**

– –

**4. EMAIL ADDRESS (optional):**

**5. UNIQUE ID:**

**6. PIN:**

## Credit Monitoring

All Settlement Class Members are eligible for three years of one-bureau Credit Monitoring services.

*Please select the checkbox if you want three years of free Credit Monitoring services.*

☐ **Credit Monitoring services:** I want to receive three years of free Credit Monitoring services at the email entered in the above section.

*If you select this option, you will be sent instructions and an activation code to your provided email address or home address after the Settlement is final. Enrollment in this service will not subject you to marketing for additional services or any required payments.*

## Cash Payment A – Documented Losses

You may submit a Claim and provide reasonable documentation for losses resulting from fraud and/or identity theft as a result of the Data Incident for up to $5,000 per Settlement Class Member. The Documented Losses must have occurred between September 4, 2024, and the deadline to submit a Claim.

Reasonable documentation means documents that support the expenses you paid. These documents may have been created by you or by someone else at the time of the expense. Examples of reasonable documentation include, but are not limited to: telephone records, bills, invoices, correspondence including emails, or receipts. "Self-prepared" documents such as declarations, affidavits, or handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation.

You cannot receive reimbursement for any expenses if they have been reimbursed by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

If you do not submit reasonable documentation supporting a loss, or if the Settlement Administrator determines your Claim is incomplete, implausible, or not traceable to the Data Incident, and you do not fix your Claim, your Claim will be denied and your Claim for Cash Payment A – Documented Losses will instead be processed as if you selected Cash Payment B – Pro Rata Cash.

If submitting a Claim for Cash Payment A, you are attesting under penalty of perjury to incurring documented losses resulting from fraud and/or identity theft.

To look up more details about how the Cash Payments work, visit **www.XXXXXXXXX.com** or call toll-free **1-XXX-XXX-XXXX**. Please also review the Notice on the Settlement Website, which provides examples of what documents you need to attach and the types of expenses that can be claimed. *By filling out the boxes below, you are certifying that the money you spent doesn't relate to other data incidents or breaches.*

| **Expense Type and Examples of Documents** | **Amount and Date** | **Description of Expense or Money Spent and Supporting Documents** (Identify what you are attaching, and why it is related to the Data Incident) |
|---|---|---|
| Professional fees incurred that are related to identity theft and/or fraud as a result of the Data Incident, such as attorney fees, accountant fees, and fees for credit repair services.<br>*Examples: Receipts, notices, or account statements reflecting payment for a professional fee.* | $ ☐☐☐☐☐ . ☐☐<br>Date: ☐☐ – ☐☐ – ☐☐☐☐<br>MM DD YYYY | ____________<br>____________<br>____________ |
| Other losses associated with identity theft and/or fraud (provide detailed description) as a result of the Data Incident.<br>*Examples: Account statement with unauthorized charges circled; bank fees, and fees for credit reports, credit monitoring costs, or costs associated with freezing or unfreezing credit.* | $ ☐☐☐☐☐ . ☐☐<br>Date: ☐☐ – ☐☐ – ☐☐☐☐<br>MM DD YYYY | ____________<br>____________<br>____________ |

| | | |
|---|---|---|
| Other miscellaneous expenses such as notary, fax, postage, copying, mileage, and/or long-distance telephone charges resulting from identity theft and/or fraud as a result of the Data Incident.<br>*Examples: Phone bills, receipts, detailed list of addresses you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled.* | $ _ _ _ _ _ . _ _<br>Date: _ _ – _ _ – _ _ _ _<br>MM DD YYYY | ______<br>______<br>______ |

## Cash Payment B – Pro Rata Cash

In addition to Cash Payment A – Documented Losses, without providing documentation, you may choose to receive an estimated cash payment of $150. This amount could increase or decrease based upon the number of Valid Claims filed.

☐ **By checking this box, I affirm I want to receive a Pro Rata Cash Payment.**

## California Statutory Payment

If you were a California resident at the time of the Data Incident, you may select an additional payment of $107 in recognition of California's Consumer Protection Act afforded to California residents.

☐ **By checking this box, I affirm I resided in California at the time of the Data Incident and want to receive a California Statutory Payment of $107.**

## Payment Election

If your claim is valid, you will receive payment by check unless you select one of the electronic payment options below and provide the email address **or** phone number associated with your digital payment account:

☐ PayPal ☐ Venmo ☐ Zelle

*Provide the email OR phone number, NOT both, associated with your selected digital payment account.*

| | |
|---|---|
| Email Address: | |
| Phone Number: | |

## Signature

I affirm under the laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my Claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete.

______________________
Signature

Date: _ _ – _ _ – _ _ _ _
MM DD YYYY

______________________
Print Name

# EXHIBIT 6

Grayson Wells (admitted *pro hac vice*)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gwells@stranchlaw.com

Casondra Turner (admitted *pro hac vice*)
MILBERG, PLLC
260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
Tel: (866) 252-0878
cturner@milberg.com

Courtney Maccarone (admitted *pro hac vice*)
KOPELOWITZ OSTROW P.A.
One West Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
maccarone@kolawyers.com

*Interim Co-Lead Counsel for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDSAY LOESCHER, BENJAMIN MORRIS, MITCHELL SCHOENBRUN, and CAROL ZIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY and BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION,<br><br>Defendants. | Case No. 2:25-cv-01917-GMN-NJK |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiffs,[1] individually, and on behalf of the Settlement Class, and Defendants have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Agreement.

NOW, THEREFORE, based on the Agreement, all the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a Final Approval Hearing should be held to determine whether the proposed settlement described in the Agreement should be finally approved as fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Court has personal jurisdiction over the Parties, including Plaintiffs and all Settlement Class Members.

2. The Court preliminarily approves the Settlement, including the Notice Program, finding that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing Notice to the Settlement Class, but such finding is not to be deemed as an admission of fault or liability by Defendants or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants.

3. For purposes of determining whether the terms of the Settlement should be finally approved as fair, reasonable, and adequate, the following Settlement Class is preliminarily certified for settlement purposes only:

> All United States residents whose Private Information was determined to be impacted in the Data Incident publicly announced by the Defendants in or around October 2025.

Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendants, or their respective subsidiaries and affiliated companies; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) all Settlement Class Members who timely opt out of the Settlement Class.

4. The Court preliminarily finds that the terms of the Settlement are fair, adequate,

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II of the Agreement.

and reasonable. In so finding, the Court has considered several factors, including: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risk of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation.

5. The Court finds that, for purposes of settlement: the number of Settlement Class Members is so numerous that joinder is impracticable; there are questions of law and fact common to the Settlement Class Members; the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; the Plaintiffs are adequate representatives for the Settlement Class and have retained experienced and adequate Class Counsel; the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Members; and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

6. For purposes of settlement only, the Court finds and determines that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and appoints them as Class Representatives, and the following attorneys are preliminarily appointed as Class Counsel for the Settlement Class: Grayson Wells of Stranch, Jennings & Garvey, PLLC, Courtney Maccarone of Kopelowitz Ostrow P.A., and Casondra Turner of Milberg, PLLC.

7. The Parties have selected Epiq Class Action & Claims Solutions, Inc. (“Epiq”) to serve as the Settlement Administrator. The Court hereby approves of and appoints Epiq and directs it to commence the Notice Program and initiate the Claims Process and to otherwise comply with all obligations of the Settlement Administrator as outlined in the Agreement.

8. The Parties have prepared the Notices, which are attached to the Agreement. The Court preliminarily finds that the Notice provided to Settlement Class Members is the most

practicable notice; is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Settlement; and is reasonable and constitutes due, adequate, and sufficient notice to all Settlement Class Members entitled to receive notice.

9. The Court has carefully reviewed and hereby approves the Notices as to form and content and directs that they be without material alteration unless otherwise modified by agreement of the Parties and approved by the Court. The Court directs that the Notice Program be implemented as outlined in the Agreement.

10. Settlement Class Members who wish to opt out of the Settlement and exclude themselves from participation may do so by submitting timely and valid requests at any time before the Opt-Out Deadline (30 days before the initial scheduled Final Approval Hearing). The process to opt out is set forth in the Agreement and in the Notices. Settlement Class Members who opt out shall have no rights under the Settlement, shall not share in any Settlement Class Member Benefits, and shall not be bound by the Settlement or by the Final Approval Order.

11. All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Notices and the Agreement shall be bound by any Final Approval Order and final judgment entered, even if such Settlement Class Members never received actual notice of this Action or the Settlement. If Final Approval of the Settlement is granted, they shall be barred, now and in the future, from asserting any of the Released Claims, as defined in the Agreement, against any Released Parties, as defined in the Agreement.

12. Settlement Class Members who wish to object to the Settlement and/or to Class Counsel's Application for Attorneys' Fees, Costs and Service Awards shall file any objections pursuant to the requirements of this paragraph. To be valid, the objection must include: (a) the case name and case number; (b) the objector's full name, mailing address, telephone number, and email address (if any); (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) a statement of whether the

objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Fee and Costs Award and Service Awards; (g) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; (h) the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing; (i) a list of all persons whom the objector intends to call to testify at the Final Approval Hearing in support of the objection (if any); (j) a statement confirming whether the objector intends to testify at the Final Approval Hearing; (k) a statement of whether the objector and/or objector's counsel utilized any form of artificial intelligence in preparing the objection; and (l) the objector's signature (an attorney's signature is not sufficient).

13. Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding written document requests.

14. Objections to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be valid, the

objection must be submitted no later than the Objection Deadline (30 days before the initial scheduled Final Approval Hearing), as specified in the Notices. If submitted by mail, an objection shall be deemed to have been submitted on the date the mail is postmarked. If submitted by private courier, an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

15. In advance of the Final Approval Hearing, the Settlement Administrator shall prepare a declaration for the Parties confirming that the Notice Program was completed in accordance with the terms of the Agreement and this Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class Member who timely and properly requested to opt out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

16. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement. The Court will advise the Parties in advance of the Final Approval Hearing whether the hearing will be held in person at Lloyd D. George - U.S. Federal Courthouse, 333 Las Vegas Blvd South, Las Vegas, NV 89101, or virtually by video. The date and time of the Final Approval Hearing will be set forth in the Notice and published on the Settlement Website. During the Final Approval Hearing, the Court will consider whether the Settlement should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Approval Order and final judgment approving the Settlement and dismissing this Action on the merits, with prejudice. The Court will also consider the amount of any attorneys' fees and costs to be awarded to Class Counsel and whether to approve the amount of any Service Award to the Class Representative. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the Settlement Website and the Court's docket.

17. The Court confirms the following schedule (which the court, upon showing of

good cause by the Parties, may extend any of the deadlines):

| | |
|---|---|
| Deadline to commence Notice Program | Within 30 days of Preliminary Approval Order |
| Deadline to complete Notice Program | At least 45 days before the initial scheduled Final Approval Hearing |
| Deadline for filing Motion for Final Approval, including Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards | 45 days before the initial scheduled Final Approval Hearing |
| Opt-Out Deadline | 30 days before the initial scheduled Final Approval Hearing |
| Objection Deadline | 30 days before the initial scheduled Final Approval Hearing |
| Claim Form Deadline | 90 days after the Notice Commencement Deadline |
| Final Approval Hearing | **To be noticed separately (at least 120 days from Preliminary Approval Order)** |

18. The Court stays all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Settlement or to effectuate the terms of the Agreement.

**DONE AND ORDERED** in chambers, on this ____ day of ___________, 2026.

______________________________
HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDSAY LOESCHER, BENJAMIN MORRIS, MITCHELL SCHOENBRUN, and CAROL ZIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY and BRIGHTSTAR GLOBAL SOLUTIONS CORPORATION,<br><br>Defendants. | Case No. 2:25-cv-01917-GMN-NJK |

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs[1] submitted to the Court an Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, on ___________, 2026, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Grayson Wells, Courtney Maccarone, and Casondra Turner as Class Counsel; (5) appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Process and Claim Form; and (8) set the Final Approval Hearing date;

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Postcard Notice, Email Notice, and the Long Form Notice was available to Settlement Class Members on the Settlement Website or on request to the Settlement Administrator;

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II of the Agreement.

WHEREAS, there were ___ objections or the Settlement and ___ Settlement Class Members opted-out of the Settlement;

WHEREAS, on ______________, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Final Approval Order incorporates the definitions in Section II of the Settlement Agreement.

2. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claims Process was fair, and the Claim Form was easy to read and understand.

3. The terms of the Settlement are fair, adequate, and reasonable. In so finding, the Court has considered several factors, including: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risk of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation.

4. Based on the information presented to the Court, the Claims Process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or

for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

5. The distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

6. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

7. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

8. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

9. The appointment of Plaintiffs as the Class Representatives is affirmed.

10. The appointment of Class Counsel is affirmed.

11. The appointment of the Settlement Administrator is affirmed.

12. The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23 for only the purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members; (4) the Plaintiffs are adequate representatives for the Settlement Class, and has retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Members; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and no opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

13. Therefore, the Court finally certifies the following Settlement Class:

> All United States residents whose Private Information was determined to be impacted in the Data Incident publicly announced by the Defendants in or around October 2025.

Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendants, or their respective subsidiaries and affiliated companies; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) all Settlement Class Members who timely opt-out of the Settlement Class.

14. There have been _____ individuals opt-out of the Settlement. These Settlement Class Members will not be bound by this Final Approval Order, the Final Judgment, or the Agreement and Releases contained therein. A list of the individuals who opted out of the Settlement is attached hereto as Exhibit A.

15. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits.

16. As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties shall release the Released Parties from the Released Claims.

17. Class Counsel is awarded $______________ for attorneys' fees and costs. This payment shall be made from the Settlement Fund in accordance with the Agreement. The Court evaluated Class Counsel's request, and concludes that amount is fair and within the range of reason.

18. The Class Representatives shall be awarded Service Awards in the amount of $3,500.00 each. The Service Awards shall be paid out of the Settlement Fund in accordance with the Agreement.

19. Any funds remaining in the Settlement Funds 120 days after Cash Payments are issued shall be treated as Residual funds and distributed according to the terms of Settlement Agreement.

20. Before distribution to any *cy pres* recipient, the Parties shall file a motion with the Court seeking approval for Residual Funds to be distributed to the recipient agreed upon by the Parties. Competing motion for distribution to a *cy pres* recipient may only occur after a thorough and good faith meet and confer.

21. Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either

directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

22. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

23. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

24. All Settlement Class Members shall be bound by this Final Approval Order.

**DONE AND ORDERED**, on this ____ day of ________, 2027.

______________________________
HONORABLE GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**